HAIL MASON, plaintiff in error, *v.* JOEL FINCH, defendant in error.

*Error to Madison.*

The Circuit Court of Madison county has authority to issue an execution upon a judgment recovered in the Municipal Court of the city of Alton, though such judgment was appealed to the Supreme Court, and the appeal pending therein at the time of the passage of the act abolishing the said Municipal Court.

In construing statutes, courts are to look at the language of the whole act; and if they find, in any particular clause, an expression not so large and extensive in its import, as those used in other parts of the same statute, if, upon a view of the whole act, they can collect from the more large and extensive expressions used in other parts, the real intention of the legislature, it is their duty to give effect to the larger expressions.

THE proceedings upon the motion to quash the execution, in this case, were had at the February term, 1840, of the Madison Circuit Court, before the Hon. Sidney Breese. The motion was overruled.

A. COWLES and J. M. KRUM, for the plaintiff in error.

WM. MARTIN, for the defendant in error.

BROWNE, Justice, delivered the opinion of the Court :

This was a motion to quash an execution, issued from the Madison Circuit Court, on a judgment rendered in the Municipal Court of the city of Alton, at the January term, 1839 ; which execution was issued, on the 11th day of October, 1839. The judgment and execution are in favor of Joel Finch, and against Hail Mason. The motion to quash was overruled.

The following causes are assigned for error :

The motion to quash the execution was made upon the following grounds : 1. Because there is no judgment of the Madison Circuit Court, in favor of the said Joel Finch, against the said Hail Mason, whereupon to issue the said execution. 2. Because the said execution is issued without any authority of law. 3. Because the clerk of the Madison Circuit Court issued the said execution upon a judgment of the Municipal Court of the city of Alton, in the county of Madison, when, after the repeal of said Court, there was no legal authority, by the law of the land, to issue an execution upon said judgment.

The words of the statute passed in 1839, repealing the statute, incorporating the city of Alton, are, " all suits or matters, both in law and equity, now pending and undetermined in the Municipal Court, shall be heard, tried, or prosecuted to final judgment and execution, in the Circuit Court of the county of Madison, in the same manner as they would be, if the said suit had been originally made returnable or had, in the Circuit Court of the county of Madison ; and all records, dockets, and papers, belonging to, arising from, or connected with, the said Municipal Court, shall be transferred and delivered over, by the clerk of the Municipal Court, to the clerk of the Circuit Court of the county of Madison."

The record shows, that an appeal in this case was taken and pending in this Court, when the act went into operation, repealing the act incorporating the city of Alton. It does seem to me, this case comes within the class that the statute intended to provide

for. This suit was pending in this Court, and not finally disposed of by the Court below.

In construing statutes, courts are to look at the language of the whole act, and if they find, in any particular clause, an expression, not so large and extensive in its import, as those used in other parts of the statute, if, upon a view of the whole act, they can collect, from the more large and extensive expressions, used in other parts, the real intention of the legislature, it is their duty to give effect to the larger expressions.

Let the judgment be affirmed.

*Judgment affirmed.*

*Note.* Construction of Statutes: See French v. Creath, Breese 12; Mason v. Wash, *Idem* 16; Nance v. Howard, *Idem* 185; Woodworth v. Paine's Admrs. *Idem* 294; Bryans v. Smith, Breese's App. 22; Naught v. O'Neal, *Idem* 29; Tufts v. Rice, *Idem* 30; Hall *et al.* v. Byrne *et al.*, 1 Scam. 140; Blair v. Worley, *Idem* 178; Boon v. Juliet, *Idem* 258; Choisser v. Hargrave, *Idem* 317; Smith *et al.* v. Hileman, *Idem* 323; Garrett v. Wiggins, *Idem* 335; Day v. Cushman *et al.*, *Idem* 475; Guykowski v. The People, *Idem* 476; Goodsell *et al.* v. Boynton *et al.*, *Idem* 555; Lawrence v. Yeatman *et al.*, *Ante* 15; Russell *et al.* v. Hamilton, *Ante* 56; State v. Wilson, *Post.*